# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-525 |
| | ) | |
| v. | ) | Judge Terrence F. McVerry/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| Supt. LOUIS FOLINO; UNNAMED SGT. at R.D.-SCI Greene; BRIAN COLEMAN, Supt. of SCI Fayette; SGT. BUSH, Sgt. at R.D.-SCI Fayette, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the second Amended Complaint[1] be dismissed with prejudice for failure to state a claim upon which relief can be granted.

II. **REPORT**

Michael Dean, Inmate Number AS-1919, ("Plaintiff") filed a Complaint, alleging theft or destruction of his property, which included some of his trial transcripts, when he was transferred from the State Correctional Institution at Greene ("SCI-Greene") to the State Correctional Institution at Fayette ("SCI-Fayette").

Magistrate Judge Bissoon issued a Report and Recommendation ("the Report"), recommending pre-service dismissal of the original Complaint because it failed to state a claim upon which relief could be granted. The Report identified three grounds for dismissal. First, the

---

[1] The second Amended Complaint, ECF No. [16], is incorrectly captioned "Amended Complaint."

Report found that any procedural due process claim failed to state a claim because there were adequate post deprivation remedies. Second, the Report found that no substantive due process claim was made out because the actions alleged in the Complaint simply did not shock the Court's conscience. Third, to the extent that Plaintiff had sought to make an access to courts claim, the Report found that Plaintiff failed to state a claim because he failed to allege that any non-frivolous suit was lost due to the destruction of his property. In the Report, Plaintiff was advised that he had a limited time in which to file objections to Magistrate Judge Bissoon's Report. Rather than file objections, Plaintiff filed an Amended Complaint that he signed on June 16, 2011. ECF No. [10].[2] On June 22, 2011, this case was referred to the undersigned. On July 13, 2011, Plaintiff again filed a second Amended Complaint ("Second Amended Complaint"), ECF No. [16], that appears to be identical to the initial Amended Complaint.

A review of the Second Amended Complaint reveals that Plaintiff has still not cured the substantial deficiencies noted in the Report. As a result, Plaintiff's procedural due process claims, substantive due process claims and access to courts claims should all be dismissed for failure to state a claim upon which relief can be granted for the same reasons specified in the Report, which the Court hereby incorporates by reference.

Paragraph 38 of the Second Amended Complaint can be broadly construed to allege four additional claims that were not included in the originally filed Complaint. First, Plaintiff claims that the destruction of his property constituted a violation of his Fourth Amendment right to be free of unreasonable seizures of his "legal property." See ECF No. [16] at 4, ¶ 38. Second, Plaintiff also claims that the destruction of his property constituted a violation of his Eighth Amendment rights. Id. Third, Plaintiff claims that the destruction of his property constituted an

---

[2] The Amended Complaint was filed before the Court could adopt the Report.

Equal Protection violation. Id. Fourth, Plaintiff claims that the failure by the two Wardens at SCI-Greene and SCI-Fayette, namely Louis Folino ("Folino") and Brian Coleman ("Coleman"), respectively, for not disciplining the guards who performed the inventory of Plaintiff's property when he left SCI-Greene and when he arrived at SCI-Fayette also violated his constitutional rights. ECF No. [16] at 5, ¶¶ 42 to 43.

**A. Discussion**

1. Fourth Amendment claims

The first new claim alleged by Plaintiff in the Second Amended Complaint is that the "unreasonable seizure" and destruction or loss of his property constituted a violation of his Fourth Amendment right not to have his property unreasonably seized. Plaintiff fails to state a Fourth Amendment claim as a matter of law.

The protections of the Fourth Amendment with respect to seizures of a prisoner's "effects" or property simply **do not apply** in the prison context. Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001) ("The *Hudson* court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."); Jones v. Arpaio, 194 F.3d 1317 (Table, Text in Westlaw)(unpublished) (9th Cir. 1999) ("Finally, there is no merit to Valandingham's contention that jail officials violated his constitutional rights when they failed to return documents, correspondence, and postage seized following a search of his cell . . . *see Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984) (holding that Fourth Amendment's prohibition against unreasonable seizures does not apply in prison)"). See also Hudson v. Palmer, 468 U.S. 517, 538 (O'Connor, J. concurring)("The fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects"); Taylor v. Knapp, 871

3

F.2d 803, 806 (9th Cir. 1989) ("In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property.").

Accordingly, Plaintiff has no Fourth Amendment protections against the Defendants' confiscation, intentional destruction or negligent loss of his property. Essentially, for purposes of analyzing the Fourth Amendment, Plaintiff has no possessory interests in the items seized which society is prepared to accept as reasonable. See, e.g., Hudson v. Palmer, 468 U.S. at 538 (O'Connor, J. concurring) ("Since the exigencies of prison life authorize officials indefinitely to dispossess inmates of their possessions without specific reason, any losses that occur while the property is in official custody are simply not redressable by Fourth Amendment litigation."). Cf. Hudson, 468 U.S. at 526 ("[S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."). Accordingly, Plaintiff's newly minted Fourth Amendment claim fails as a matter of law.

2. Eighth Amendment claims

The second new claim asserted by Plaintiff is that the taking and destruction of his property constituted unusual punishment and a violation of his Eighth Amendment rights. Plaintiff's claim is without merit.

To establish a violation of the Eighth Amendment requires that one be deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992) (internal quotes omitted), *superseded by statute on other grounds as stated in* Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000). To establish that one has been deprived of the minimal civilized measure of life's necessities requires a demonstration that one has been denied

"basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety" from physical assault. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

None of the allegations of the Second Amended Complaint reveal such deprivations as is required to state an Eighth Amendment claim. See, e.g., Nigro v. Wilson, 122 F.3d 1073 (Table), 1997 WL 542008, at *2 (9th Cir. 1997) ("Nigro's allegations of verbal harassment also fail to show the deprivation necessary for an Eighth Amendment claim. *See Otarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Nigro's Eighth Amendment claims regarding destruction of property and alteration of records fail for the same reason."); Clark v. Fiske, No. SA-05-CA-0485, 2005 WL 3617731, at *2 (W.D.Tex., Sept. 20, 2005) ("In his motion to dismiss, Officer Breen argues that Clark's factual allegations fail to state a claim. He correctly states that a claim for destruction of property does not state a claim under the Eighth Amendment."). Hence, any Eighth Amendment claims must be dismissed.

3. Equal Protection claims

The third new claim is that the destruction of Plaintiff's property violated his rights to Equal Protection. This claim also fails.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. In order to state an Equal Protection claim, a plaintiff must allege that (1) the plaintiff, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." Sabatini v. Reinstein, No. 99-2393, 1999 WL 636667, at *4-*5 (E.D. Pa. Aug. 20, 1999). See also Zahra v. Town of Southold, 48

F.3d 674, 683 (2d Cir. 1995). Essentially, to demonstrate an equal protection violation, an inmate has the burden of showing under the second prong the existence of purposeful discrimination. Hernandez v. New York, 500 U.S. 352 (1991); McCleskey v. Kemp, 481 U.S. 279, 292 (1987).

In this case, the Second Amended Complaint fails to allege the essential elements required to allege an Equal Protection claim. It is is utterly devoid of any allegation that even comes close to stating the asserted Fourteenth Amendment claim. Accordingly, the Equal Protection claim should be dismissed for failure to state a claim upon which relief can be granted.

    4. Claims against Defendants Folino and Coleman

The last additional claim in the Second Amended Complaint concerns the two supervisory Defendants, Wardens Folino and Coleman. Specifically, Plaintiff claims that the failures of Folino and Coleman in not disciplining the guards who performed the inventory of Plaintiff's property when he left SCI-Greene and when he arrived at SCI-Fayette violated his constitutional rights. Plaintiff's claim fails as a matter of law because the Second Amended Complaint does not assert or demonstrate that the Wardens caused Plaintiff's loss or destruction of his property.

The difficulty with Plaintiff's Second Amended Complaint is that actions or inactions of Defendants Folino and Coleman in failing to discipline the two guards conducting the inventorying of Plaintiff's property, necessarily occurred after the fact, *i.e.*, after the property was lost or destroyed, *i.e.*, after Plaintiff's property rights were allegedly violated and so, their post-incident actions or inactions cannot be said to have caused the alleged violation of Plaintiff's rights.

6

Regarding Section 1983 actions, such as the one Plaintiff is attempting to bring, in order to:

> make out a claim under Section 1983, a plaintiff must demonstrate that the conduct of which he is complaining has been committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution and laws of the United States. The plaintiff must also establish that it was the acts of the defendant which caused the constitutional deprivation.

Mosley v. Yaletsko, 275 F.Supp.2d 608, 613 (E.D.Pa. 2003) (citations omitted).

The actions or inactions on the part of Defendants Folino and Coleman, with respect to failing to discipline their employees after Plaintiff's property was lost/destroyed, cannot be said to have been the "cause" of Plaintiff's constitutional injuries. Without such causation there can be no liability. Ricker v. Weston, 27 F.App'x 113, 119 (3d Cir. 2002) ("This decision not to discipline the officers does not amount to active involvement in appellees' injuries given that all of the injuries occurred before the decision."); Moor v. Madison County Sheriff's Dept., 30 F.App'x 417, 420 (6th Cir. 2002) ("Timing is everything. Cochran did not learn any of these facts until Moor filed her complaint. Specifically, Cochran first learned of the incident on May 27, 1999, when he received a letter from Moor's attorney along with a courtesy copy of the Complaint. After receiving the complaint, Cochran investigated the incident by questioning Arthur, who denied any wrongdoing, and he reviewed the 911 calls for assistance from the Shell station. . . .In fact, Moor's facts reveal that Cochran did not know of the incident [at the time of its occurrence] and therefore could not have implicitly acquiesced in it."); Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 478 (7th Cir. 1997) ("Chief Robertson could not have undertaken any action to 'un-do' any alleged constitutional violation by Sergeant Krane.").

Hence, the newly added fourth claims against Defendants Folino and Coleman must be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons set out in this Report, it is respectfully recommended that Plaintiff's Second Amended Complaint be dismissed with prejudice as amendment would be futile and/or inequitable.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, objections to this Report and Recommendation are due by September 8, 2011. Failure to file objections by this date will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d187, 191 n.7 (3d Cir. 2011).


August 22, 2011                         s/Maureen P. Kelly
                                        Maureen P. Kelly
                                        United States Magistrate Judge


cc:     Terrence F. McVerry
        United States District Judge

        MICHAEL DEAN
        AS - 1919
        S.C.I. Fayette
        Box 9999
        LaBelle, PA 15450-0999